IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAXAM NORTH AMERICA, INC.,

                       Plaintiff,

     v.

APPLIED ENERGIES, LLC and
KEVIN VINCENT,

                       Defendants.

OPINION AND ORDER

11-cv-796-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On December 6, 2012, I granted plaintiff Maxam North American, Inc.'s motion for summary judgment with respect to plaintiff's claim that defendants Applied Energies, LLC and Kevin Vincent breached a contract by failing to pay plaintiff for all of the goods plaintiff delivered to them. Dkt. #28. However, I denied plaintiff's motion on the issue of damages because plaintiff had failed to submit adequate evidence or argument regarding the specific amount of defendants' outstanding debt to plaintiff. I directed the parties to file supplemental briefing and evidence on the issue of damages. In particular, I directed plaintiff to explain (1) how it had calculated defendants' past due amount; (2) the "spoken agreement" noted in the parties' contract; (3) how plaintiff had calculated interest; (4) whether defendants should be permitted to assert a set-off defense; (5) whether plaintiff had credited defendants for trips to Michigan, amounts that plaintiff had billed directly to defendants' clients and rental for a storage unit; (6) and any other factors relevant to calculating the amount defendants owe plaintiff. I also directed defendants to provide supplemental evidence and explanation to

1

support their position regarding damages.

Both parties have responded. Dkt. ##29, 31. Unfortunately, their responses have not resolved the damages questions. In its response, plaintiff concedes that the amount it requested in its summary judgment motion was calculated incorrectly. Specifically, plaintiff states that its demand of $242,568.94 should be reduced to $195,964.53. Plaintiff explains that in preparing its supplemental materials, it discovered that it had failed to credit defendant for certain invoices and jobs and that it had overcharged interest on defendants' account. Plaintiff assures the court that its new balance of $195,964.53, plus prejudgment interest and attorneys fees, is the correct amount.

However, I agree with defendants that questions remain whether plaintiff's new proposed amount is correct. Defendants contend that plaintiff misapplied prior credits to defendants' accounts, leaving defendants responsible for accrued interest that they should not owe. Additionally, defendants point to several invoices that plaintiff has allegedly failed to credit. Defendants continue to make arguments about the "spoken agreement" between the parties, an issue that plaintiff ignored in its supplemental brief. Also, defendants argue that plaintiff is not entitled to attorney fees, both because plaintiff has failed to submit any proof of legal costs, but also because plaintiff's poor accounting system is responsible for dragging out the parties' dispute.

Finally, although both sides argued in their supplemental briefs about whether defendants should be permitted to assert a set-off defense, it is not clear what particular set-offs they are disputing. Plaintiffs incorporated into their damages calculations the amounts owed to defendants for rental fees and other supplementary jobs. To the extent the parties are arguing

about other amounts, it is not clear from their supplemental materials what those amounts might be.

In sum, I cannot resolve the issue of damages from the parties' submissions. Thus, the question of damages must be set for trial. Trial is scheduled for March 18, 2013 and the current deadlines for motions in limine and other pretrial submissions remain in place. The parties should be prepared at trial to present evidence to support their positions regarding damages. In the alternative, the parties may contact the Clerk of Court for assistance in resolving this dispute through the court's mediation services.

ORDER

IT IS ORDERED that the issue of damages is scheduled to be resolved at the March 18, 2013 trial.

Entered this 29th day of January, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge